## Weiser v. H.H. Robertson Co.

*Marvin I. Barish*, for plaintiff.
*Joseph R. Thompson*, for defendant.
*Christopher J. Pakuris*, for additional defendant.

TAKIFF, *J.*, September 30, 1981—Having granted plaintiff's petition for reconsideration in this matter, before the court once more is defendant H. H. Robertson Company's motion for judgment on the pleadings seeking the exculpation of the statutory employer defense under The Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, art. III, sec. 302(a),(b), as amended, 77 P.S.§§461, 462.

Owners engaged Aberthaw Construction Company as the general contractor to construct a building; Aberthaw in turn contracted with H. H. Robertson Company for installation of decking and flooring and in turn Robertson subcontracted to Fabricated Steel Erection Company some or all of the flooring and decking work. Plaintiff, David Weiser, sustained injuries on the job while in the employ of Fabricated Steel. Defendant Aberthaw

was never subject to the jurisdiction of this court because never served, and defendant Fabricated Steel, plaintiff's employer, is now concededly immunized by the act. The issue before this court is whether H. H. Robertson, the primary subcontractor to plaintiff's employer as a subcontractor may qualify as a statutory employer and hence be exempted from common-law liability in connection with plaintiff's injuries.

In only the most narrow sense does the Pa. Workmen's Compensation Act limit the defense of statutory employer to the general contractor. Immunity from common-law liability is granted in exchange for the burden of insuring every job related employe injury in accordance with the benefits program of the Workmen's Compensation scheme. In providing the statutory employer defense, the legislature sought to "fix some responsible party with the obligation of paying compensation to injured workmen, and the party selected was the first whose duty it was to assume control of the work." Qualp v. James Stewart Co., Inc., 266 Pa. 502, 509, 109 Atl. 790 (1920). The defense was created in order to safeguard against failure by the immediate employer to obtain insurance. Even when a subcontractor under the Pa. Compensation law agrees to assume compensation liability, however, the general contractor is secondarily liable and his common-law immunity against suit by an employe continues. [See, Wilson v. Faull, 45 N.J. Super. 555, 133 A. 2d 695 (1957) (applying Pennsylvania law).] It is clearly established in Pennsylvania that both the immediate (actual) employer and general contractor (statutory employer) are immunized from common-law liability. The question whether a subcontractor also qualifies for a statutory employer defense has not yet been clearly determined.

In Rieffer v. Walsh Construction Co., 140 F. Supp. Ct. 318 (E.D.Pa. 1056), Wilputte was general contractor, Hewitt-Robbins, its subcontractor and Penn Southern (employer of injured plaintiff) a subcontractor of Hewitt-Robbins. The court held that since all the subcontractors were working under a general contractor they were all statutory employers. In that case, Penn Southern was a subcontractor to both Wilputte and Hewitt-Robbins. All parties were within the vertical chain which included plaintiff's employer up to and including the general contractor.

Plaintiff cites Sarne v. Baltimore & Ohio R.R. Company, 370 Pa. 82, 87 A. 2d 264 (1952), for the proposition that only a general contractor may qualify for a statutory employer defense. In Sarne, Hauser, the general contractor, hired two subcontractors and a verdict was returned against Raymond, the non-employer, collateral subcontractor.

Defendant Robertson in the matter sub judice is clearly in the vertical chain—he is a subcontractor of the general contractor Aberthaw, who in turn, subcontracted to Fabricated, plaintiff's employer. The purpose of the act is to guarantee to employes compensation for injuries without the necessity of establishing fault, in return for relinquishment of their right to sue in tort. There would be no purpose served by pursuing compensation liability above the first properly insured, Fabricated Steel Erection Company. There is, on the other hand, no reason to cut off the chain of immunity at the first contractor-subcontractor level. Plaintiff argues that if statutory employer status is granted to all subcontractors along the chain, they could all delegate their functions and as a result each subcontractor would be immune from liability. The fallacy

of this reasoning, however, lies in the fact that the exercise of successive immunity can only occur if in fact Workmen's Compensation coverage is in place either at the beginning or at some other position on the line. As the act applies to employes, the full purpose has been served when, as here, the immediate employer-contractor's Workmen's Compensation insurer pays. Accordingly, we enter the following

## ORDER

And now September 30, 1981, upon consideration of defendant H. H. Robertson Company's motion for judgment on the pleadings, it is hereby ordered and decreed that said motion is granted.